UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MADISYN D.,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR 406(b) FEES**<br>**(DOC. NO. 23)**<br><br>Case No. 2:23-cv-00867<br><br>Magistrate Judge Daphne A. Oberg |

Madisyn D.'s[1] attorney, Natalie Bolli-Jones, has filed a Petition and Memorandum for 406(b) Fees.[2] Ms. Bolli-Jones seeks an award of attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of $13,022.75. This figure represents twenty-five percent of the past-due social security benefits awarded to Ms. D.—minus $7,200.00 paid to her attorneys for work done at the administrative level. The Commissioner does not oppose the petition.[3] For the reasons explained below, the court grants the petition.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by first name and last initial only.

[2] (Pet. and Mem. for 406(b) Fees (Pet.), Doc. No. 23.)

[3] (*See* Def.'s Resp. to Pl.'s Pet. for Att'y's Fees Under 42 U.S.C. § 406(b) (Resp.), Doc. No. 25.)

BACKGROUND

On November 21, 2023, Ms. D. retained Ms. Bolli-Jones, who is an attorney with the Law Office of Jay Barnes, on a contingent-fee basis to represent her in her claims for social security benefits before this court.[4] In a written attorney fee agreement, Ms. Bolli-Jones and Ms. D. agreed the contingency fee would be twenty-five percent of past-due benefits awarded to Ms. D. in this case.[5]

Ms. Bolli-Jones filed this action for judicial review of the Commissioner's denial of benefits on November 30, 2023.[6] On May 17, 2024, the court remanded the case to the Commissioner for further proceedings.[7] Ms. D. then sought $5,040.00 in attorney's fees under the Equal Access to Justice Act (EAJA).[8] The court granted the motion and awarded Ms. D. the requested amount, payable to counsel.[9]

---

[4] (*See* Ex. A to Pet., Fee Agreement, Doc. No. 23-2.)

[5] (*Id.*)

[6] (*See* Compl., Doc. No. 1.)

[7] (*See* J. in a Civ. Action, Doc. No. 20.)

[8] (*See* Stip. Mot. for Award of Att'y Fees Under the Equal Access to Justice Act, Doc. No. 21.)

[9] (Order Granting Stip. Mot. for Award of Att'y Fees Under the Equal Access to Justice Act, Doc. No. 22.)

After the case was remanded, the Commissioner awarded Ms. D. $80,891.00 in past-due benefits.[10] Twenty-five percent of this award is $20,222.75.[11] The Commissioner paid $7,200.00 to Ms. D.'s attorneys for work done at the administrative level and withheld the remaining $13,022.75 pending the outcome of this fee petition.[12]

Ms. Bolli-Jones filed this petition asking the court to authorize payment of $13,022.75 in fees for her representation of Ms. D. before this court.[13] This amount represents twenty-five percent of the past-due benefits minus the administrative fee award of $7,200.00.[14] The itemized statement Ms. Bolli-Jones submitted indicates she spent 22.4 hours working on Ms. D.'s case before this court.[15] Ms. Bolli-Jones further indicates the $5,040.00 EAJA fee award will be refunded to Ms. D. upon payment of the requested fee amount under 42 U.S.C. § 406(b).[16]

The petition states that Ms. Bolli-Jones provided a copy of the petition and all supporting papers to Ms. D. and notified her of her right to object.[17] Ms. D. has not

---

[10] (Ex. C. to Pet., Notice of Award, Doc. No. 23-4.)

[11] (*See id.*; Aff. of Natalie Bolli-Jones in Supp. of [Pet.] for 406(b) Fees (Bolli-Jones Aff.) ¶ 4, Doc. No. 23-1.)

[12] (*See* Ex. C to Pet., Notice of Award, Doc. No. 23-4; Bolli-Jones Aff. ¶ 5, Doc. No. 23-1.)

[13] (Pet., Doc. No. 23.)

[14] (Bolli-Jones Aff. ¶ 7, Doc. No. 23-1.)

[15] (Ex. B to Pet., Itemized Billing Statement, Doc. No. 23-3.)

[16] (Bolli-Jones Aff. ¶ 6, Doc. No. 23-1.)

[17] (Pet. 2, Doc. No. 23.)

3

objected to the fee request. The Commissioner filed a response taking no position on Ms. Bolli-Jones' petition.[18]

## ANALYSIS

Section 406(b) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[19] In *Gisbrecht v. Barnhart*,[20] the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases."[21] The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[22] In other words, courts must assess the reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.[23]

In *Gisbrecht*, the Court gave several examples of what might cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee. First, the fee award may be reduced "based on the character of the representation and the results the

---

[18] (*See* Resp., Doc. No. 25.)

[19] 42 U.S.C. § 406(b)(1)(A).

[20] 535 U.S. 789 (2002).

[21] *Id.* at 807.

[22] *Id.*

[23] *Id.* at 808.

4

[attorney] achieved."[24]  Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[25]  Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[26]

Here, Ms. Bolli-Jones' fee request does not exceed the twenty-five percent threshold.  Nevertheless, pursuant to *Gisbrecht*, the court examines whether the fee request is reasonable.  First, based on the record in this case, the character of Ms. Bolli-Jones' representation of Ms. D. and the results achieved were not substandard.  Ms. Bolli-Jones' work before this court resulted in remand of the case to the Commissioner, and a significant award of past-due benefits for Ms. D. at the administrative level.  Second, there is no indication Ms. Bolli-Jones delayed pursuing Ms. D.'s claims.  Ms. Bolli-Jones filed this case less than two weeks after being retained and did not request any extensions.

Next, Ms. Bolli-Jones' fee request is reasonable compared to the amount of time spent on the case.  Where Ms. Bolli-Jones spent 22.4 hours on this case, her fee request of $13,022.75 translates to an hourly rate of $581.37.[27]  This is within the range

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] (*See* Pet. 4, Doc. No. 23; Ex. B to Pet., Itemized Billing Statement, Doc. No. 23-3.)

which courts have found reasonable.[28] This hourly rate is also reasonable considering Ms. Bolli-Jones assumed the risk of not receiving any fees under the contingent-fee agreement.[29] Finally, Ms. Bolli-Jones' petition is unopposed—further indicating the requested fees are reasonable and warranted.

## CONCLUSION

For the reasons explained above, the requested fee is reasonable under the contingent-fee agreement between Ms. Bolli-Jones and Ms. D. The court authorizes Ms. Bolli-Jones to receive a § 406(b) fee award of $13,022.75, which represents twenty-five percent of Ms. D.'s past-due benefits, less $7,200.00 paid to her attorneys for work done at the administrative level. In addition, because fees have been awarded under both § 406(b) and the EAJA, Ms. Bolli-Jones must refund the lesser of the two fees to Ms. D. (which in this case, are those fees awarded under the EAJA).[30]

Accordingly, the court orders as follows:

---

[28] *See, e.g.*, *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (unpublished) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable); *see also Jensen v. Dudek*, No. 2:23-cv-00036, 2025 U.S. Dist. LEXIS 71828, at *3 (D. Utah Apr. 15, 2025) (unpublished) (approving $761 hourly rate); *Ryan v. O'Malley*, No. 1:22-cv-00102, 2024 U.S. Dist. LEXIS 100039, at *3 (D. Utah June 3, 2024) (unpublished) (approving a $600 hourly rate).

[29] *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

[30] *See Gisbrecht*, 535 U.S. at 796 (recognizing that "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

1.      Ms. Bolli-Jones' Petition for 406(b) Fees[31] is granted.  Ms. Bolli-Jones is awarded § 406(b) fees in the amount of $13,022.75 (payable to Natalie Bolli-Jones).

2.      Ms. Bolli-Jones must refund to Ms. D. the previous EAJA fee award of $5,040.00, upon payment of the § 406(b) award.

DATED this 12th day of November, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[31] (Doc. No. 23.)